UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DANIEL CLARK, | No. C 11-3520 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| MICHAEL MARTEL, Warden, | |
| Defendant. | |

## INTRODUCTION

Douglas Daniel Clark, an inmate on death row at San Quentin State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Clark filed a complaint in which he complained about restrictions on his inmate appeal activity. About a month later he filed another complaint, using the same case number, but this time complained about an improper use of chaplains. When he filed his second complaint, he sent with it a letter berating the court's handling of his first complaint. (Docket # 3.)

**DISCUSSION**

A.  Review of Complaints

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at §1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The filings by Clark have several problems which require that he file an amended complaint. First, Clark's filing of two complaints has created confusion as it is not clear whether he wants the court to consider his first complaint, second complaint or both.[1] The Federal Rules of Civil Procedure do not contemplate multiple independent complaints in a single action. Instead, a second pleading is usually thought to be an amended complaint and supersedes existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") If Clark's second complaint is treated as an amended complaint, it will supersede the original complaint. That may not be Clark's intent. Due to the confusion Clark has created with his unusual presentation of the two claims in separate complaints, the court

---

[1] The document entitled "Claim Number Two In The Unfiled Suit" on the first page and attached to which was a second complaint (Docket # 3) was docketed as an amended complaint in Case No. C 11-3520 SI. Clark stated in docket # 3 that "[t]he form does not allow for two claims," perhaps in explanation for why he filed two different complaints. He errs. The form plainly does not prohibit multiple claims and specifically states, "If you have more than one claim, each claim should be set forth in a separate numbered paragraph." Complaint, p. 3. A party may plead multiple claims in a single complaint, provided they are properly joined.

2

requires that he file an amended complaint that is a complete statement of all his claims. That way, the court will not have to guess as to Clark's intent.

Second, both complaints are long on anger and short on facts. Much of the text of each complaint is spent disparaging the prison officials with whom he disagrees. This kind of invective may make Clark feel better but fails to accomplish the purpose of a pleading, which is to provide a statement of one's claims to give the opponent notice and frame the dispute. Federal Rule of Civil Procedure 8(a)(2) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Neither of Clark's complaints contains a short and plain statement of his claim showing his entitlement to relief. At the other end of the spectrum, Rule 8(d) requires that each allegation of a pleading be "simple, concise, and direct," and also may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The complaints here do not comply with Rule 8(e). There are not simple, concise and direct averments, and instead the rambling pleadings have some facts intertwined with much legal argument and irrelevant surplusage. The amended complaint must comply with Rule 8.

Third, Clark must state each claim separately in his amended complaint. For each claim, he must allege the facts showing his entitlement to relief from the defendants. The amended complaint must identify (in each claim) each and every defendant who Clark proposes to hold liable on that claim. Clark must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Clark is cautioned that there is no respondeat superior

liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

If Clark wants to challenge a policy itself, rather than the way an acceptable policy is being applied to him, he may do so but needs to state clearly that is his desire. If he wants to challenge a policy, he should identify the specific policy, explain why defendant is responsible for the policy, and explain why it is unconstitutional. He also must allege facts to show he has standing to challenge the policy. The constitutional standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "Cases" and "Controversies." Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 61 (9th Cir. 1994).

Fourth, Clark may only assert claims for violations of his own rights. He has no standing to complain about problems that only harmed other inmates.

Fifth, the complaint concerning the administrative appeal limits does not state a claim for relief for denial of access to the courts because the complaint does not allege an actual injury. A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even

4

to file a complaint. *See id.* at 351. In his amended complaint, Clark may attempt to plead a denial of access to the courts claim, but is cautioned that he must allege an actual injury to state a claim for relief.

Sixth, the claim concerning the limits on inmate appeals does not state a retaliation claim. If Clark wishes to assert a retaliation claim, he must allege the necessary elements. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Seventh, Clark needs to allege his claim(s) about the improper use of chaplains more clearly. To establish a violation of the Free Exercise Clause of the First Amendment's right to freedom of religion, a prisoner must allege facts showing the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith without any justification reasonably related to legitimate penological interests. *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). For a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, the plaintiff-prisoner must allege facts showing that the government has imposed a substantial burden on his religious exercise.

B.  Miscellaney

Clark has complained in letters about court delays in processing some of his filings. Clark can increase the likelihood of timely processing of filings by taking these steps: (1) envelopes containing filings in a case should be addressed to the clerk of the court rather than to a particular judge or clerk for a particular judge, (2) mail should be sent to the court's San Francisco address (i.e., U.S. District Court, 450 Golden Gate Avenue, San Francisco, CA 94102), and (3) each filing should have the case caption and case number clearly written on the first page.

Clark's *in forma pauperis* application will be ruled on in a separate order issued today.

5

The court notes that one of the two *in forma pauperis* applications Clark submitted had attached to it (i.e., docket # 4) several copies of a document entitled "Amended Complaint - This court's July 7, 2011 Order ignored the June 29-30 'filed' added complaint (Claim 3) Houston vs. Lack 847 US 266" and bearing the case number for Case No. C 08-4224 SI. The court does not understand the purpose of the attachment: Case No. C 08-4224 SI was closed weeks before Clark signed the attachments to this document. The court will not order the document filed in Case No. C 08-4224 SI because (a) it was too late to file an amended complaint in that action because that action was closed weeks before docket # 4 was signed and (b) the text of docket # 4 does not appear to be an amended complaint but instead is a disappointed litigant's disparagement of the court. *See* paragraph "Second" above.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **December 23, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: November 8, 2011

_____
SUSAN ILLSTON
United States District Judge