IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

vs.

MICHAEL MARTEL, et al.,

    Defendants.

No. C 11-03520 YGR (PR)

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR RECONSIDERATION; DENYING AS MOOT HIS REQUEST FOR A COPY OF DOCKET SHEET; AND REOPENING CASE**

(Docket Nos. 19, 23)

    This civil rights action was dismissed without prejudice by the Court on August 29, 2012. The Court concluded that dismissal was required because Plaintiff failed to submit a timely amended complaint by the August 24, 2012 deadline. Plaintiff now seeks reconsideration of the dismissal by filing two documents on September 4, 2012 and December 12, 2012 entitled, "Notice RE: Amended Petition Filed on Time Under *Houston v. Lack* 847 [sic] U.S. 266, Dismissal Order Is In Error," and "Request for Docket Copy; Request for Reply to the Filed Notice that Court's Dismissal Was Illegal," respectively, which the Court construes as motions for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

    On January 29, 2013, Plaintiff filed a notice of appeal with the Ninth Circuit Court of Appeals.

    On February 4, 2013, the Ninth Circuit issued an order holding the appeal proceedings "in abeyance pending the district court's resolution of the pending September 4, 2012 motion." (Ninth Circuit Feb. 4, 2013 Order at 1.)

    Where the district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be filed under Rule 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff contends and submits a copy of the relevant page from the prison's outgoing legal mail logbook as proof that he submitted his amended complaint to prison authorities on August 21, 2012. Meanwhile, the record shows that Plaintiff's amended complaint was received by the Clerk of the Court on September 6, 2012; however, it was not entered into the Court's electronic database until September 10, 2012 -- twelve days after the aforementioned dismissal order was signed and issued. A *pro se* prisoner's filing is deemed filed on the date of its submission to prison authorities for mailing to the court, as opposed to the date of its receipt by the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Therefore, the amended complaint should have been deemed filed on August 21, 2012. Because the record shows that Plaintiff's amended complaint should have been deemed filed three days before the August 24, 2012 deadline, Plaintiff's motions for reconsideration (Docket Nos. 19, 23) are GRANTED.

Plaintiff has also filed a request for a docket sheet (Docket No. 23). On January 29, 2013, the Clerk of the Court sent Plaintiff a copy of the docket sheet. Therefore, his request is DENIED as moot.

**CONCLUSION**

1. Plaintiff's motions for reconsideration (Docket Nos. 19, 23) are GRANTED. The Clerk shall REOPEN this action, VACATE the Court's August 29, 2012 Order of Dismissal Without Prejudice, and REINSTATE the amended complaint, which should be reflected as deemed filed on August 21, 2012. The Court will review Plaintiff's amended complaint in a separate written Order.

2. Plaintiff's request for a docket sheet (Docket No. 23) is DENIED as moot.

3. This Order terminates Docket Nos. 19 and 23.

4. The Clerk shall send a copy of this Order to the Ninth Circuit.

IT IS SO ORDERED.

DATED: April 23, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.11\Clark3520.GrantRECON&reopen.frm    2