UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

v.

KEVIN CHAPPELL, Warden,

    Defendant.

No. C 11-3520 YGR (pr)

**ORDER REVIEWING AMENDED COMPLAINT, ORDERING SERVICE OF COGNIZABLE CLAIM; DISMISSING ALL REMAINING NON-COGNIZABLE CLAIMS; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS**

**INTRODUCTION**

On July 18, 2011, Plaintiff Douglas Daniel Clark, an inmate on death row at San Quentin State Prison ("SQSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in which he complained about limitations on his inmate appeal activity at SQSP. A month later, Plaintiff filed another complaint, using the same above-referenced case number. However, in his second complaint, Plaintiff complained about an improper use of chaplains at SQSP.

In an Order dated November 8, 2011, the Court dismissed Plaintiff's two complaints and granted him leave to file an amended complaint. The Court found that Plaintiff's complaints violated Federal Rule of Civil Procedure 8, stating:

> The complaints here do not comply with Rule 8(e). There are not simple, concise and direct averments, and instead the rambling pleadings have some facts intertwined with much legal argument and irrelevant surplusage. The amended complaint must comply with Rule 8.

(Nov. 8, 2011 Order at 3.) The Court also directed Plaintiff to state each claim separately in his amended complaint, to state clearly his desire if he wished to challenge a prison policy, and to assert only claims for violations of his own rights, i.e., not those of other inmates. As to his complaint concerning the inmate appeal limits, the Court found that Plaintiff failed to state a claim for relief for a denial of access to the courts because he did not allege an actual injury. The Court further found that Plaintiff's claim concerning limits on his inmate appeals did not state a retaliation claim. Finally, the Court directed Plaintiff to allege more clearly his claim about improper use of chaplains. The Court specifically explained what Plaintiff needed to do to correct the aforementioned pleading

deficiencies. (*Id.* at 2-5.)

Plaintiff's amended complaint is now before the Court for its consideration. Plaintiff originally named the former SQSP Warden Michael Martel as Defendant, but now he names current SQSP Warden Kevin Chappell as well as the Secretary of the California Department of Corrections and Rehabilitation, Matthew Cate.

Also before the Court are the following motions filed by Plaintiff, entitled: (1) "Motion/Proposal to Move this Case Forward Toward a Prompt and Simple Resolution . . . [and] Request for the Judge to Finally File the Matter and Order Parties to Meet For a Settlement Conference Immediately"; (2) "Motion to Update Name of Defendant Warden and Change Name of Martel to Chappell"; and (3) "Request for Explanation Why the Judge Ignored the U.S.C.A. 9th Circuit Court's Order Voiding the Judge's Order[1] Refusing to File My Properly and Timely Filed 'Amended Complaint.'" (Docket Nos. 36, 37, 39.) The Court construes Plaintiff's aforementioned motions (1) and (3) as a request to screen the amended complaint, and GRANTS his request by reviewing the amended complaint below. The portion of motion (1) requesting that the Court set this matter for a settlement conference is DENIED as premature. Finally, Plaintiff's motion (2) is construed as a request to amend the complaint to substitute the name of Defendant from the former warden, Defendant Martel, to the current warden, Defendant Chappell. Plaintiff's request is GRANTED. The Clerk of the Court is directed to substitute Defendant Chappell as a named Defendant in place of Defendant Martel.

---

[1] The Court notes that Plaintiff is incorrect in stating that the Ninth Circuit Court of Appeals "Void[ed] the Judge's Order." (Docket Nos. 39.) The instant civil rights action was initially dismissed without prejudice by on August 29, 2012. This Court had concluded that dismissal was required because Plaintiff failed to submit a timely amended complaint by the August 24, 2012 deadline. Thereafter, on September 4, 2012, Plaintiff sought reconsideration of the dismissal. On January 29, 2013, Plaintiff filed a notice of appeal with the Ninth Circuit. On February 4, 2013, the Ninth Circuit issued an order holding the appeal proceedings "in abeyance pending the district court's resolution of the pending September 4, 2012 motion." (Ninth Circuit Feb. 4, 2013 Order at 1.) In an Order dated April 23, 2013, this Court granted Plaintiff's motion for reconsideration and reopened this action. (Docket No. 32.) Because this case was reopened, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Docket No. 33.)

1 The Court shall now review the amended complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

### I.     Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at §1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### II.    Legal Claims

#### A.     First Amendment Claim

In his amended complaint, Plaintiff brings forth only one claim -- a challenge to a prison policy limiting his inmate appeals as set forth in SQSP's Operational Procedure 608 and Section 3084.4(a)(1)-(4) of Title 15 of the California Code of Regulations. Plaintiff claims that in 2011, the SQSP policy -- currently in effect and "created by the signature of Defendant Chappell" -- "slash[ed] [Plaintiff's] right to appeal any adverse event" because the policy limits his right to file a prison grievance to "one issue, in one appeal, in any two weeks time." (Am. Compl. at 1.) Thus, Plaintiff claims his First Amendment right to seek redress was violated when he attempted to file four inmate appeals in one week, but was prevented from doing so. (*Id.*, Attach. at 8.)

The right of meaningful access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *accord Hines v. Gomez*, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is subsumed under the First Amendment right to petition the government for redress of grievances, *see id.* at 333, and protects both the filing, *see id.*,

3

and content, *see Bradley*, 64 F.3d at 1279, of prison grievances. Regulations which punish an inmate for using "hostile, sexual, abusive or threatening" language in a written grievance, for example, are not reasonably related to penological interests and therefore violate the First Amendment. *See id.* at 1279-82.

Here, Plaintiff may bring a First Amendment challenge to a prison policy limiting his inmate appeals on the ground that the policy is not reasonably related to legitimate penological interests. *See Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003) (applying *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Liberally construed, Plaintiff's aforementioned allegations state a cognizable First Amendment claim under section 1983 and will be served on Defendant Chappell. *See id.*

### B. Claims Against Defendant Cate

At most, it appears that Plaintiff is attempting to impose liability on Defendant Cate based on the conduct of his subordinate, i.e., Defendant Chappell. However, there is no respondeat superior liability under section 1983, meaning that a defendant generally cannot be held responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, Plaintiff's amended complaint fails to allege supervisory liability against Defendant Cate under the standards explained above. Accordingly, the claims against Defendant Cate are DISMISSED without prejudice and without further leave to amend.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's claims against Defendant Cate are DISMISSED.

2. Plaintiff states a cognizable First Amendment claim against Defendant Chappell.

3. All remaining claims are DISMISSED for failure to correct pleading deficiencies.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (Docket No. 21-1) and a copy of this Order to **Defendant SQSP Warden Kevin Chappell.** The Clerk shall also mail a copy of the amended complaint and a

4

1 copy of this Order to the California State Attorney General's Office.  Additionally, the Clerk shall
2 mail a copy of this Order to Plaintiff.

3      5. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires
4 him to cooperate in saving unnecessary costs of service of the summons and amended complaint.
5 Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf
6 of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of
7 such service unless good cause be shown for their failure to sign and return the waiver form.  If
8 service is waived, this action will proceed as if Defendant had been served on the date that the
9 waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and
10 file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This
11 allows a longer time to respond than would be required if formal service of summons is necessary.)
12 Defendant is asked to read the statement set forth at the foot of the waiver form that more
13 completely describes the duties of the parties with regard to waiver of service of the summons.  If
14 service is waived after the date provided in the Notice but before Defendant has been personally
15 served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was
16 sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

17      6. Defendant shall answer the amended complaint in accordance with the Federal Rules
18 of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

19      a. No later than **sixty (60) days** from the date their answer is due, Defendant
20 shall file a motion for summary judgment or other dispositive motion.  The motion must be
21 supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil
22 Procedure 56, and must include as exhibits all records and incident reports stemming from the
23 events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice so
24 that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose
25 the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand*
26 must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in ordeerr to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available

6

administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

       d.     Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

       e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendant or his counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

7

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

11. The Court construes Plaintiff's "Motion/Proposal to Move this Case Forward Toward a Prompt and Simple Resolution . . . [and] Request for the Judge to Finally File the Matter and Order Parties to Meet For a Settlement Conference Immediately" and "Request for Explanation Why the Judge Ignored the U.S.C.A. 9th Circuit Court's Order Voiding the Judge's Order Refusing to File My Properly and Timely Filed 'Amended Complaint'" (Docket Nos. 36, 39) as a request to screen the amended complaint, and GRANTS his request. The portion of the former motion (Docket No. 36) requesting that the Court set this matter for a settlement conference is DENIED as premature.

12. The Court GRANTS Plaintiff's "Motion to Update Name of Defendant Warden and Change Name of Martel to Chappell" (Docket No. 37), which has been construed as a request to amend the complaint to substitute the name of Defendant from the former warden, Defendant Martel, to the current warden, Defendant Chappell. The Clerk is directed to substitute Defendant Chappell as a named Defendant in place of Defendant Martel.

13. This Order terminates Docket Nos. 36, 37 and 39.

DATED: March 7, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**