UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DANIEL CLARK,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN CHAPPELL, Warden,<br><br>Defendant.<br>_____/ | No. C 11-3520 YGR (pr)<br><br>**ORDER:**<br>**1. GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MARCH 7, 2014 ORDER DISMISSING HIS CLAIM AGAINST CDCR SECRETARY;**<br><br>**2. GRANTING HIS MOTION TO AMEND COMPLAINT TO SUBSTITUTE CURRENT CDCR SECRETARY JEFFREY BEARD AS NAMED DEFENDANT; AND**<br><br>**3. DIRECTING CLERK TO SERVE DEFENDANT BEARD** |

On July 18, 2011, Plaintiff Douglas Daniel Clark, an inmate on death row at San Quentin State Prison ("SQSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in which he complained about limitations on his inmate appeal activity at SQSP. A month later, Plaintiff filed another complaint, using the same above-referenced case number. However, in his second complaint, Plaintiff complained about an improper use of chaplains at SQSP.

In an Order dated November 8, 2011, the Court dismissed Plaintiff's two complaints and granted him leave to file an amended complaint.

Thereafter, Plaintiff filed his amended complaint.

In an Order dated March 7, 2014, the Court issued its "Order Reviewing Amended Complaint, Ordering Service of Cognizable Claim; Dismissing All Remaining Non-Cognizable Claims; and Addressing Plaintiff's Pending Motions." Dkt. 40. Among the dismissed claims was Plaintiff's claim against the California Department of Corrections and Rehabilitation ("CDCR") Former Secretary Matthew Cate. The Court stated:

> At most, it appears that Plaintiff is attempting to impose liability on Defendant Cate based on the conduct of his subordinate, i.e., Defendant Chappell. However, there is no respondeat superior liability under section 1983, meaning that a defendant generally cannot be held responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, Plaintiff's amended complaint fails to

allege supervisory liability against Defendant Cate under the standards explained above. Accordingly, the claims against Defendant Cate are DISMISSED without prejudice and without further leave to amend.

Dkt. 40 at 6.

Before the Court is Plaintiff's motion for reconsideration of its dismissal of his claim against Defendant Cate. Dkts. 44, 47.[1] For the reasons discussed below, the Court GRANTS Plaintiff's motion for reconsideration. Plaintiff also requests to "substitute new director secretary (Dr. Beard) for Cate," dkt. 44 at 1, which is construed as a request to amend the complaint to substitute the CDCR Former Secretary, Defendant Cate, to the current CDCR Secretary, Dr. Jeffrey Beard. Plaintiff's aforementioned request is GRANTED.

## DISCUSSION

Where a district court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

---

[1] Plaintiff has filed two motions, dkts. 44, 47, requesting the Court reconsider its March 7, 2014 Order dismissing his claims against Defendant Cate. In his latter-filed motion, dkt. 47, Plaintiff also requests for "leave to appeal" the March 7, 2014; however, the Court construes this request as a motion for leave to file a motion for reconsideration. *See* Civil L.R. 7-9(a). Therefore, the Court GRANTS Plaintiff leave to file a motion for reconsideration.

2

emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule. *See* Civil L.R. 7-9(c).

As mentioned above, Plaintiff challenges the Court's dismissal of the claim against the CDCR Former Secretary (Defendant Cate) that he asserted in his amended complaint. As background, the Court notes that Plaintiff brought forth only one claim in his amended complaint -- a challenge to a prison policy limiting his inmate appeals as set forth in SQSP's Operational Procedure 608 and Section 3084.4(a)(1)-(4) of Title 15 of the California Code of Regulations. The Court stated:

> . . . Plaintiff claims that in 2011, the SQSP policy -- currently in effect and "created by the signature of Defendant Chappell" -- "slash[ed] [Plaintiff's] right to appeal any adverse event" because the policy limits his right to file a prison grievance to "one issue, in one appeal, in any two weeks time." (Am. Compl. at 1.) Thus, Plaintiff claims his First Amendment right to seek redress was violated when he attempted to file four inmate appeals in one week, but was prevented from doing so. (*Id.*, Attach. at 8.)
>
> The right of meaningful access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *accord Hines v. Gomez*, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is subsumed under the First Amendment right to petition the government for redress of grievances, *see id.* at 333, and protects both the filing, *see id.*, and content, *see Bradley*, 64 F.3d at 1279, of prison grievances. Regulations which punish an inmate for using "hostile, sexual, abusive or threatening" language in a written grievance, for example, are not reasonably related to penological interests and therefore violate the First Amendment. *See id.* at 1279-82.
>
> Here, Plaintiff may bring a First Amendment challenge to a prison policy limiting his inmate appeals on the ground that the policy is not reasonably related to legitimate penological interests. *See Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003) (applying *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Liberally construed, Plaintiff's aforementioned allegations state a cognizable First Amendment claim under section 1983 and will be served on Defendant Chappell. *See id.*

Dkt. 40 at 3-4. In his motion for reconsideration, Plaintiff claims that Section 3084 of Title 15 of the California Code of Regulations limits his right to file a prison grievance to "one appeal per 14 days, or one per 30 days, if [he] dare exercise [his] rights." Dkt. 47 at 2. Plaintiff claims that he "did [exercise his rights], so [he is] again on one year's restriction to one per month." *Id.* Plaintiff further claims that the CDCR Secretary -- Defendant Cate at the time -- "imposed the one appeal per 30

3

days limit" on Plaintiff for "violating his rule, 15 CCR 3084." Dkt. 44 at 2-3. Therefore, Plaintiff has now adequately linked the CDCR Secretary to his First Amendment claim, and thus reconsideration of the dismissal of this claim is warranted. Accordingly, Plaintiff's motion for reconsideration is GRANTED. Dkts. 44, 47. As mentioned above, Plaintiff's request to amend the complaint to substitute in the current CDCR Secretary, Dr. Beard, has been granted. Therefore, the Court will order service of Defendant Beard below.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for reconsideration is GRANTED. Dkts. 44, 47. In addition, Plaintiff's request to amend the complaint to substitute the CDCR Former Secretary, Defendant Cate, to the current CDCR Secretary, Dr. Beard, is GRANTED. The Clerk of the Court is directed to substitute Defendant Beard as a named Defendant in place of Defendant Cate.

2. Plaintiff states a cognizable First Amendment claim against Defendant Beard.

3. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (Docket No. 21-1) and a copy of this Order to **Defendant CDCR Secretary Dr. Jeffrey Beard.** The Clerk shall also mail a copy of the amended complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

4

Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

   5. Defendant shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

 If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

6

        d.      Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

7.     All communications by Plaintiff with the Court must be served on Defendant or his counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

10.    This Order terminates Docket Nos. 44 and 47.

DATED:   June 10, 2014

**Y**VONNE **G**ONZALEZ **R**OGERS
**U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE