UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

v.

DR. JEFFREY BEARD,

    Defendant.

Case No. 11-cv-03520-YGR (PR)

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

## I. INTRODUCTION

Plaintiff Douglas Daniel Clark, an inmate on death row at San Quentin State Prison ("SQSP"), filed a civil rights action pursuant to 42 U.S.C. § 1983, in which he alleged only one claim—a First Amendment challenge to a prison regulation limiting his 602 inmate appeals. Dkt. 21-1. Defendant filed a motion for summary judgment, in which he argued that the regulation limiting non-emergency appeals does not violate Plaintiff's First Amendment rights. Dkt. 65. On July 20, 2015, the Court granted Defendant's motion and entered judgment in favor of Defendant. Dkts. 78, 79. The Court agreed with Defendant and found that Plaintiff does not have a First Amendment right to file unlimited non-emergency appeals. Dkt. 78 at 7. The Court also held that, even if Plaintiff had a right to file unlimited non-emergency appeals, the regulation limiting the number of such appeals is valid because it relates to a legitimate penological interest. *Id.* at 12.

After being granted an extension of time to do so, Plaintiff filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[1] Dkt. 86.

For the reasons discussed below, Plaintiff's Rule 59(e) motion is DENIED.

---

[1] On September 15, 2015, the Court granted Petitioner's timely filed motion for an extension of time to file a motion for reconsideration, and gave him a new deadline of October 13, 2015. Dkts. 82, 85. Because Plaintiff's motion for extension of time was filed within twenty-eight days from the date final judgment was entered, and because his motion for reconsideration was filed before the October 13, 2015 due date, the Court construes the instant motion as a timely motion to alter or amend judgment under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment.).

## II. DISCUSSION

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Finally, a motion under Rule 59(e) is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

Here, the Court has reviewed Plaintiff's Rule 59(e) motion and other evidence in support thereof. First, in his motion, Plaintiff makes a conclusory argument that the Court erred in granting summary judgment in favor of Defendant by basing such a ruling "entirely upon the unreliable and provably perjur[i]ous and deceitful declarations made to the [C]ourt." Dkt. 86 at 1.[2] Specifically, as Plaintiff did in his opposition, he again argues that the Court should not have considered the declaration of SQSP Appeals Coordinator M.L. Davis filed in support of Defendant's motion for summary judgment. *Compare* Dkt. 86 at 1, 12-16 *with* Dkt. 69 at 18-19. In granting summary judgment in favor of Defendant, the Court previously addressed this argument as follows:

> SQSP Appeals Coordinator M.L. Davis submitted two separate declarations in support of Defendant's motion for summary judgment and reply, respectively. Dkts. 65-1, 72. According to Davis, Plaintiff has submitted 556 appeals since 1996. Davis Decl., Dkt. 65-1 at 4; Davis Decl. 2, Dkt. 72 at 1. Plaintiff disputes this number and alleges that "well over 100 of the listings are not filed appeals." Dkt. 69 at 19. Davis responds that the disputed appeals "were screened out before being accepted at the first level," but

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

> "were still submitted to the appeals office." Davis Decl. 2, Dkt. 72 at 2. Despite any disagreement over the exact number of appeals Plaintiff filed, both parties agree that the prison regulation at issue limits the number of appeals he may file. Dkts. 21-1 at 3-4, 65 at 8. Furthermore, both parties agree that SQSP officials have rejected appeals from Plaintiff based on the regulation's non-emergency appeal limitation. Dkt. 21-1 at 23; Davis Decl., Dkt. 65-1 at 4; Dkt. 69 at 9. Thus, while the Court notes Plaintiff's objections to Davis's declarations, it recognizes that determining the actual number of Plaintiff's appeals is unnecessary to resolve the instant summary judgment motion. The pertinent issue at hand is whether the challenged regulation's limitation on appeals violates Plaintiff's First Amendment rights.

Dkt. 78 at 4-5. Thus, Plaintiff is merely rehashing an argument he presented previously, which is not proper in a Rule 59(e) motion. *See Costello*, 765 F. Supp. at 1009.

Moreover, the Court finds that Plaintiff continues to rehash his previous arguments, including: that he has a First Amendment right to file unlimited non-emergency appeals, and that the regulation did not further a legitimate penological interest. *Compare* Dkt. 86 at 8-27 to Dkts. 69, 73. As stated above, a motion to alter or amend the judgment is not the proper vehicle for relitigating previous arguments—raised in Plaintiff's opposition to summary judgment and in his sur-reply—which have already been ruled on. *See Costello*, 765 F. Supp. at 1009. Furthermore, Plaintiff neither alleges the discovery of new evidence nor an intervening change in the controlling law. *See McDowell*, 197 F.3d at 1255. Therefore, Plaintiff's arguments in his Rule 59(e) motion do not warrant reconsideration of the Court's July 20, 2015 Order granting Defendant's motion for summary judgment. Accordingly, Plaintiff's Rule 59(e) motion is DENIED. Dkt. 86.

### III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's Rule 59(e) motion is DENIED. Dkt. 86.

2. Plaintiff's motion to consolidate the instant action with his other closed cases is inappropriate and not warranted; therefore, it is DENIED. Dkt. 91.

3. This Order terminates Docket Nos. 86 and 91.

IT IS SO ORDERED.

Dated: July 26, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

3